IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAD DARRELL BOUMAN                                                                           PLAINTIFF

v.                                                           CIVIL ACTION NO.: 3:13-cv-847-KS-MTP

BRIAN BROOME, ET AL.                                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion to Dismiss [23] filed by Defendants Helen J. Marberry and Charles E. Samuels, Jr. Having considered the Motion [23] and the applicable law, the undersigned is of the opinion that it should be granted.

## FACTUAL BACKGROUND

On October 10, 2013, Plaintiff Chad Darrell Bouman, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[1] and 28 U.S.C. § 1331. Plaintiff is currently incarcerated at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, and his claims arose while he was a post-conviction inmate at FCC. Plaintiff asserts claims against Brian Broome (Chaplain Supervisor), Lieutenant Ruben Blair, Warden Marcus Martin, Helen J. Marberry (Regional Director of the Bureau of Prisons), and Charles E. Samuels, Jr. (Director of the Bureau of Prisons). Plaintiff claims that Defendants violated his First Amendment right to free exercise of religion and his Fourteenth Amendment right to equal protection.

---

[1] A *Bivens* action mirrors a civil rights action brought under 42 U.S.C. § 1983, the difference being that a *Bivens* action applies to alleged constitutional violations by federal actors, while a Section 1983 action applies to alleged constitutional violations by state actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

Specifically, Plaintiff alleges that on March 27, 2013, Defendants Blair and Broome ordered him to remain in the dining facility with his Passover meal during the week of Passover. Plaintiff claims that his religion (Judaism) requires him to eat his Passover meals in an environment free of leavened bread and/or its products, and such items were in the dining facility. Plaintiff refused to obey the orders given by Defendants Blair and Broome, and as a result, an incident report was issued against Plaintiff, and he was sanctioned. (Complaint [1] at 2-3.)

In addition to Defendants Blair and Broome, Plaintiff also brought claims against Defendants Martin, Marberry, and Samuels for "denying [his] administrative recourse for grievance where each defendant was made aware of [his] complaints and failed to correct them." ([1] at 3.) On February 21, 2014, Defendants Marberry and Samuels filed a Motion to Dismiss [23] arguing that the Court lacks personal jurisdiction over them.

## STANDARD

When a defendant raises an objection to the Court's personal jurisdiction, the burden is on the plaintiff to make a prima facie showing that jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 216-17 (5th Cir. 1990). A prima facie case may be established "by alleging facts in the complaint and affidavits sufficient to establish jurisdiction over the non-resident defendants." *Caldwell v. Palmetto State Savings Bank*, 811 F.2d 916, 917-18 (5th Cir. 1987). Unless the Court convenes an evidentiary hearing on the issue, the plaintiff need only make a *prima facie* showing that the Court's exercise of personal jurisdiction is proper. *Johnson v. Multidata Sys. Int'l. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In determining whether a *prima facie* case exists, the Court must accept as true the plaintiff's allegations and resolve any factual disputes in

the plaintiff's favor. *Stripling v. Jordan Production Co.*, 234 F.3d 863, 869 (5th Cir. 2000).

## ANALYSIS

Defendants Marberry and Samuels argue that Plaintiff has failed to establish that they have sufficient "minimum contacts" with Mississippi. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). A district court's exercise of personal jurisdiction comports with due process if the plaintiff shows (1) that the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the state and (2) that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colorado*, 615 F.3d 364, 367 (5th Cir. 2010) (citations omitted). In order for this Court to exercise personal jurisdiction over Defendants Marberry and Samuels, non-residents,[2] Plaintiff must show that these Defendants directed activities towards Mississippi or availed themselves of the privileges of conducting activities here, and that the cause of action arises out of or results from the Defendants' forum-related contacts. *Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citation omitted).

Plaintiff alleges that he made Defendants Marberry and Samuels aware of his concerns and complaints via the administrative grievance process, but the Defendants did not rectify the

---

[2] Defendant Samuels is the Director of the Bureau of Prisons, with an address located in Washington, D.C., and Defendant Marberry is the Regional Director of the Bureau of Prisons, with an address located in Atlanta, Georgia.( [1] at 2; [18]; [19].)

3

situation. ([1] at 3; [8] at 4-5.)  However, courts have held that mere allegations relating to a Bureau of Prison official's decision regarding an inmate's administrative appeal outside the forum state, and other supervisory activities over a facility inside the forum state, are insufficient to establish personal jurisdiction. *See Jones v. Hawk-Sawyer*, 2000 WL 34203850, at *2 (N.D. Tex. Oct. 19, 2000) (dismissing claim against Director of Bureau of Prisons, located in Washington, D.C., because "[p]laintiff's allegations that [defendant] decided two administrative appeals outside the state of Texas and his conclusory allegations of conspiracy are not sufficient contact to support a finding of personal jurisdiction"); *Murrell v. Chandler*, 2007 WL 869568, at *4 (E.D. Tex. Mar. 21, 2007) (granting defendants' motion to dismiss Administrator of National Inmate Appeals, located in Washington, D.C., for lack of personal jurisdiction, stating that "plaintiff's allegations that [defendant] decided his administrative appeals outside the state of Texas is not sufficient contact to support a finding of personal jurisdiction"), rev'd on other grounds, 277 Fed. App'x 341 (5th Cir. 2008); *Hill v. Pugh*, 75 Fed. App'x 715, 719 (10th Cir. 2003) (dismissing claims against Regional Director of Bureau of Prisons, located in Kansas, and Director, located in Washington, D.C., for lack of personal jurisdiction, holding that it was "not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state").

      Even if the Court accepts as true Plaintiff's allegations that Defendants Marberry and Samuels reviewed Plaintiff's administrative grievance, such facts are insufficient to establish personal jurisdiction.  Accordingly, Defendants Marberry and Samuels should be dismissed from this action without prejudice for lack of personal jurisdiction.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that:

1. Defendants' Motion to Dismiss [23] be GRANTED and

2. Defendants Helen J. Marberry and Charles E. Samuels, Jr. be dismissed from this action without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 17th day of July, 2013.

s/ Michael T. Parker<br>
United States Magistrate Judge