IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


CHAD BOUMAN

VS.                                        CIVIL ACTION NO.  3:13cv847 KS-MTP

BRIAN BROOME, ET AL


ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE


This cause is before the Court on Petition of Chad Bouman pursuant to *Bivens v. Six Unknown Named Agents of the Fed Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. §1331.  Currently pending before this Court is a Report and Recommendation [44] entered by Magistrate Judge Michael T. Parker and Objections thereto filed by Chad D. Bouman [45].  The Court has considered the above documents together with the record in this case and does hereby find as follows:

I.  PROCEDURAL HISTORY

On October 10, 2013, Plaintiff Chad Bouman, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to *Bivens v. Six Unknown Named Agents of the Fed Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. §1331.  Plaintiff's claims arose while he was a post-conviction inmate at the Federal Correctional Complex in Yazoo City, Mississippi, where he

is currently incarcerated.  In his Complaint [1] and Response [8],[1] Plaintiff asserts claims against

Warden Marcus Martin, Chaplain Brian Broome, and Lieutenant Ruben Blair for violation sof his

First Amendment right to free exercise of religion, the Religious Freedom Restoration Act

("RFRA"), and the Equal Protection Clause.[2]

According to Plaintiff, on March 27, 2013, he attempted to take his Kosher-for-Passover

meal outside the Food Service dining area so that he, as a practicing Jew, could observe his

Kosher-meal practices in his cell.  Defendant Chaplain Broome allegedly stopped Plaintiff from

exiting the dining area and told Plaintiff he could not take any food, except a box of matzo

crackers, out of the dining area.  Plaintiff allegedly explained that he could not eat his Kosher

meal in the dining area because that area contained chometz or leavened food items, but

Defendant Broome stated, "I don't care."  According to Plaintiff, he also explained that, during

Ramadan, Muslim inmates are permitted to consume meals in their cells, but Defendant Broome

again stated, "I don't care," and stated "you are not a Muslim."  ([1] at 2-3; [8] at 1-2.)

After this exchange, Defendant Broome called Defendant Lieutenant Blair for assistance.

According to Plaintiff, he again explained why he wanted to take his meal to his cell and

explained that Muslim inmates are allowed to consume meals in their cells.  Defendant Blair

allegedly told Plaintiff "I don't care.  Go back inside food service to eat or do without."  Plaintiff

---

[1]On October 30, 2013, the Court directed Plaintiff to provide additional information concerning his claims against the Defendants.  *See* Order [7].  On November 20, 2013, Plaintiff responded to the Court's Order [7] and provided additional information concerning his claims. *See* Response [8].

[2]In his Complaint [1], Plaintiff also asserted claims against Helen Marberry and Charles Samuels, but the Court previously dismissed these Defendants for lack of personal jurisdiction. *See* Order [33].

failed to comply with this order and continued to plead with Defendants Broome and Blair.  At

that point, Defendant Blair allegedly took Plaintiff to administrative detention.  Thereafter,

Plaintiff was found guilty of a rule violation and sanctioned with a loss of phone privileges.

According to Plaintiff, he informed Defendant Warden Martin, in person and via an

administrative grievance, that he was not allowed to consume meals in his cell during Passover,

but Defendant Martin failed to take any action.  ([1] at 3; [8] at 2-4.)  As relief, Plaintiff seeks

$3,000,000 in actual damages, $3,000,000 in punitive damages, and $3,000,000 in supplemental

damages.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a

*de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v.

Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III

Judge as to those issues to which an objection is made.") Such review means that this Court will

examine the entire record and will make an independent assessment of the law. The Court is not

required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v.

Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous,

conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421

(5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments

contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PLAINTIFF'S OBJECTIONS AND ANALYSIS

Plaintiff's Complaint arises out of alleged Constitutional and statutory violations

involving his First Amendment right to free exercise of religion, the Religious Freedom

Restoration Act and the Equal Protection Clause of the United States Constitution.  Plaintiff is a

practicing Jew and was an inmate at the Federal Correctional Complex in Yazoo City,

Mississippi.  Since the filing of this Complaint he has, according to his pleadings, been released

to a half-way house in another state.  The Complaint alleges that he was prevented by the chaplain

from eating his Passover meals in his cell and this action violated the Constitutional and statutory

rights set forth above.  His Complaint alleges actual and punitive damages totaling $9 million.

Plaintiff's objections consist of 25 pages which in part reiterate his complaints, make

general statements regarding the prison, and addresses other complaints that are not the subject of

this litigation.  In his Objection he claims that he never received a copy of the Motions for

Summary Judgment [37] and [39] but he was given extra time to respond and no response has

been received.  Judge Parker's Report and Recommendation finds that the First Amendment

claims have not been extended to *Bivens* by the Supreme Court, but irrespective of that he

addressed the First Amendment claims.  Plaintiff's Complaint about taking his meals in the dining

hall involve the fact that the food would be contaminated with yeast which violates his rights to

celebrate the Passover season without being exposed to it.  An accommodation was offered by the

Chaplain, but plaintiff claims that the accommodation is not sufficient.  Several articles are

attached to plaintiff's objections. Judge Parker finds that the rules established at the penitentiary

satisfy the four factors regarding the reasonableness of the regulations pursuant to *Turner v.

Safley,* 482 U.S. 78, 89 (1987).  Prison officials are afforded great deference in carrying out their

complex duties and this Court agrees that there is a legitimate penological interest in establishing

the rules that were established regarding the taking of meals outside of the dining area.

Moving along in his Objections, plaintiff has numerous suggestions to the prison officials regarding the rules, but the Court is unmoved by them and finds that the decision by the officials is appropriate and does not unreasonably restrict plaintiff's First Amendment rights.  Plaintiff also continues with other complaints about the timing of the Court's orders, etc.

He also addresses the Equal Protection issues claiming that Muslims are treated differently from Jews and are allowed to take their meals in their cells during Ramadan.  There is an adequate explanation for the reasons and this Court finds that the Equal Protection arguments put forth by plaintiff are clearly rebutted by the evidence that is before the Court (Affidavits). Further, his specifics in his allegations of Equal Protection are conclusory and not factually based. The objections conclude with additional suggestions for the prison system and complaints about the way he has received his mail, etc.  The Court has also considered the Religious Freedom Restoration Act claims and finds that Judge Parker's analysis is basically unchallenged by the plaintiff.  The Court further finds that the Religious Freedom Restoration Act Claims are without factual basis and do not survive the Motion to for Summary Judgment.

The accommodations proposed by the prison officials allow plaintiff to freely exercise his religious convictions without undue burden.

## IV.  CONCLUSION

Based on the foregoing and as required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Bouman's Objections lack merit and should be overruled.  The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all

regards.   Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual

findings and legal conclusions contained in the Report and Recommendation.  Accordingly, it is

ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation

is accepted pursuant to 28 U.S.C. §636(b)(1) and that Chad Bouman's claims are dismissed with

prejudice.

SO ORDERED this the 23rd day of September, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE